WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Jeffrey James Hamby,

    Plaintiff,

v.

Commissioner of Social Security Administration,

    Defendant.

No. CV-16-08276-PCT-GMS

**ORDER**

Pending before the Court is Plaintiff Jeffrey James Hamby's appeal of the Social Security Administration's decision to deny disability benefits and supplemental security income. (Doc. 1). Accordingly, the Court vacates the ALJ's decision and remands for further proceedings.

**BACKGROUND**

Mr. Hamby suffered various accidents that caused severe trauma to his left leg in 2008 and 2009. (Tr. 416, 442, 482–83). In the intervening year, he struggled with substance abuse and continued to experience problems with his left leg. Mr. Hamby applied for disability benefits on July 26, 2012, and he later amended his request to allege an onset of disability on January 1, 2013. (Tr. 18). Administrative Law Judge ("ALJ") Randolph Shum denied Mr. Hamby's request after a hearing in November 2014. (Tr. 18–29).

///

///

In evaluating Mr. Hamby's disability, the ALJ undertook the five-step sequential evaluation for determining disability.[1] (Tr. 20–29). At step one, the ALJ found that Mr. Hamby had not had earnings since 2011 and had not engaged in substantial gainful activity since 2003. (Tr. 21). At step two, the ALJ determined that Mr. Hamby suffered from the following severe impairments: degenerative changes in the lumbar spine and knee. (Tr. 21). At step three, the ALJ determined that none of these impairments, either alone or in combination, met or equaled any of the Social Security Administration's listed impairments. (Tr. 23–24). At step four, the ALJ determined Mr. Hamby's residual functional capacity ("RFC"),[2] concluding that he could "perform light work" as defined in 20 C.F.R. § 404.1567(b), with the some additional exceptions. (Tr. 24). The ALJ also found that Mr. Hamby's RFC did not prohibit him from performing his past relevant work as an automobile sales person. (Tr. 28).

In making these findings, the ALJ considered Drs. Baugh and Wilkins, both consultative examining physicians, who opined that Mr. Hamby could perform light work, and the ALJ afforded their opinion moderate weight because they were slightly

---

[1] The five-step sequential evaluation of disability is set out in 20 C.F.R. § 404.1520 (governing disability insurance benefits) and 20 C.F.R. § 416.920 (governing supplemental security income). Under the test:

> A claimant must be found disabled if she proves: (1) that she is not presently engaged in a substantial gainful activity[,] (2) that her disability is severe, and (3) that her impairment meets or equals one of the specific impairments described in the regulations. If the impairment does not meet or equal one of the specific impairments described in the regulations, the claimant can still establish a prima facie case of disability by proving at step four that in addition to the first two requirements, she is not able to perform any work that she has done in the past. Once the claimant establishes a prima facie case, the burden of proof shifts to the agency at step five to demonstrate that the claimant can perform a significant number of other jobs in the national economy. This step-five determination is made on the basis of four factors: the claimant's residual functional capacity, age, work experience and education.

*Hoopai v. Astrue*, 499 F.3d 1071, 1074–75 (9th Cir. 2007) (internal quotation marks and citations omitted).

[2] RFC is the most a claimant can do despite the limitations caused by his impairments. *See* S.S.R. 96–8p (July 2, 1996).

more restrictive than the medical evidence supported. (Tr. 26–27). Additionally, the ALJ considered the opinion of two non-examining medical consultants who also opined that Mr. Hamby could perform at least light work. (Tr. 27). The ALJ failed to consider the opinion of treating physician Dr. Venger, who stated limitations more restrictive than those in the RFC. (Tr. 20–29, Tr. 1002–04).

The Appeals Council denied review of the ALJ decision. (Tr. 4–9). Mr. Hamby subsequently filed this complaint in federal court and requested a review of the ALJ's denial of benefits. (Doc. 1). Defendant Commissioner conceded that the ALJ erred in his decision to deny the Claimant benefits because he failed to consider Dr. Venger's opinion. (Doc. 21). For that reason, the parties dispute only whether the Court should remand for additional proceedings or remand for an award of benefits.

**DISCUSSION**

**I.   Standard of Review**

The Social Security Act permits a federal court to set aside a denial of disability benefits only if that denial is either unsupported by substantial evidence or based on legal error. 42 U.S.C. § 405(g); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When, as here, the Commissioner concedes that the ALJ's decision is unsupported by substantial evidence, the Act "makes clear that courts are empowered to . . . modify[ ] or reverse a decision by the Commissioner 'with or without remanding the case for a rehearing.'" *Garrison v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2014) (quoting § 405(g)). "[T]he proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (citation omitted). But, the Ninth Circuit, like every other circuit, recognizes that "in appropriate circumstances courts are free to reverse and remand a determination by the Commissioner with instructions to calculate and award benefits." *Garrison*, 759 F.3d at 1019 (citing cases from every circuit).

Remanding for an award of benefits is not at the full discretion of the reviewing court. Rather, the Ninth Circuit follows the "three-part credit-as-true standard, each part

of which must be satisfied in order for a court to remand to an ALJ with instructions to calculate and award benefits[.]" *Id.* at 1020. The Claimant must establish: first, that the ALJ failed to provide legally sufficient reasons for rejecting evidence; second, that the record has been fully developed and further administrative proceedings would serve no useful purpose; and third, that if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *See Treichler*, 775 F.3d at 1100–01 (citing *Garrison*, 759 F.3d at 1020). Before moving from the second step to the third step, a reviewing court must assess whether there are outstanding issues requiring resolution before considering whether to credit improperly discredited evidence as true. *Treichler*, 775 F.3d at 1105.

If all three conditions are met, the reviewing court may remand for an award of benefits. *Id.* at 1101. Nonetheless, the reviewing court retains flexibility in determining the appropriate remedy if the record as a whole still creates "serious doubt as to whether the claimant is, in fact, disabled[.]" *Id.* at 1107 (citing *Garrison*, 759 F.3d at 1021).

**II. Analysis**

The first step of the credit-as-true test is whether the ALJ failed to provide legally sufficient reasons for rejecting evidence. Both parties agree that the ALJ's failure to consider Dr. Venger's opinion satisfies this first element.

The second step is whether further administrative proceedings would serve a useful purpose. Reviewing courts consider the record as a whole and determine whether it is fully developed and free from conflicts and ambiguities. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) (citing *Treichler*, 775 F.3d at 1101). Part of this review also includes a consideration of whether medical evidence conflicts with opinion testimony. *Dominguez*, 808 F.3d at 407.

The record is not free from conflicts and ambiguities. Although Dr. Venger opined that Mr. Hamby could stand or walk for three hours per day and sit for three hours per day, (Tr. 1002), all of the physicians varied in their assessment, and each of the other physicians opined that Mr. Hamby could stand and sit for longer periods of time. One

examining physician opined that Mr. Hamby could stand or walk for four hours per day and sit without restriction. (Tr. 765–66). Another examining physician opined that Mr. Hamby could stand or walk for five hours per day and sit without restriction. (Tr. 978). Both of the non-examining physicians opined that Mr. Hamby could stand or walk for six hours per day and sit for six hours per day. (Tr. 66, 109). In addition to these conflicting assessments, the ALJ also referenced Mr. Hamby's emergency room visit in November 2012 and the resulting x-ray of his left knee. (Tr. 769–82). The x-ray did not show any evidence of hardware failure, (Tr. 771), and Mr. Hamby "was discharged to Home in stable condition, ambulatory . . ." (Tr. 772).

Not only do these varying reports show that the record is conflicting and ambiguous, it also creates a question concerning Mr. Hamby's disability. Consequently, the Court remands for additional proceedings.

**IT IS THEREFORE ORDERED** that this case is remanded back to the ALJ for further proceedings. The Clerk of the Court shall remand and enter judgment accordingly.

Dated this 2nd day of January, 2018.

Honorable G. Murray Snow
United States District Judge